UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

DEC 3 0 2025

Nathan Ochsner, Clerk of Court

Eric Kamuyu Gakunga, §
Plaintiff, §
§
v. § Civil Action No. _____
§
BRITTNEY HUERTA, individually, §
DAVID CARRANZA, individually, §
JOHN DOE OFFICER (2014), §
HARRIS COUNTY, TEXAS, §
Defendants. §

## I. PARTIES

1. Plaintiff Eric Kamuyu Gakunga is an individual residing in Harris County, Texas.
2. Defendant Brittney Huerta was, at all relevant times, a peace officer employed by Harris County Constable Precinct 4, acting under color of state law. She is sued in her individual capacity.
3. Defendant David Carranza was, at all relevant times, a peace officer employed by Harris County Constable Precinct 4, acting under color of state law. He is sued in his individual capacity.
4. Defendant John Doe Officer (2014) is an unknown Harris County Constable Precinct 4 officer whose identity is presently unknown and who acted under color of state law.
5. Defendant Harris County, Texas is a governmental entity responsible for the policies, customs, training, supervision, and discipline of officers employed by Harris County Constable Precinct 4.

## II. JURISDICTION AND VENUE

6. This action arises under **42 U.S.C. §1983**.
7. This Court has jurisdiction pursuant to **28 U.S.C. §§1331 and 1343**.
8. Venue is proper in this District under **28 U.S.C. §1391(b)** because the events giving rise to these claims occurred in Harris County, Texas.

## III. FACTUAL ALLEGATIONS

**A. January 3, 2024 Incident**

*(Statute of Limitations Preservation)*
9. On or about **January 3, 2024**, Plaintiff was stopped and arrested by Defendant David Carranza, a Harris County Constable Precinct 4 officer, following a traffic stop.
10. The stop and arrest were based on alleged traffic violations and field observations.
11. Plaintiff alleges that Defendant Carranza lacked probable cause to stop and arrest Plaintiff, resulting in an unreasonable seizure in violation of the **Fourth Amendment**.
12. Criminal proceedings arising from this incident remain pending or unresolved.

### B. February 17, 2025 Incident

*(Primary Constitutional Violation)*
13. On or about **February 17, 2025**, Plaintiff was arrested by Defendant Brittney Huerta, a Harris County Constable Precinct 4 officer.
14. Defendant Huerta prepared and submitted sworn statements and/or an affidavit in support of Plaintiff's arrest and related judicial proceedings.
15. **Video evidence exists that materially contradicts one or more factual assertions contained in those sworn statements.**
16. Plaintiff alleges that Defendant Huerta knowingly or recklessly included false statements and/or omitted material facts necessary to a finding of probable cause.
17. Criminal proceedings arising from this incident are currently pending.

### C. Prior Notice to Harris County

*(2014 Incident – Monell Evidence Only)*
18. In or about **2014**, Plaintiff was subjected to a separate incident involving a Harris County Constable Precinct 4 officer identified herein as John Doe Officer (2014).
19. The conduct in that incident resulted in the officer being **terminated by Harris County** prior to trial or dismissal of the criminal case.
20. This incident is **not asserted as an independent claim for damages**, but is alleged solely to establish **Harris County's prior notice** of unconstitutional conduct by Precinct 4 officers and its failure to implement adequate corrective training, supervision, or discipline.

## IV. CAUSES OF ACTION

### COUNT I

**Unreasonable Seizure / False Arrest**
*(42 U.S.C. §1983 – Fourth Amendment)*
21. Defendants **Carranza and Huerta** violated Plaintiff's Fourth Amendment rights by arresting and seizing Plaintiff **on January 3, 2024 and February 17, 2025**, without probable cause or based on materially false or misleading statements.

## COUNT II

**Judicial Deception / Due Process Violation**
*(42 U.S.C. §1983 – Fourteenth Amendment)*
22. Defendant **Huerta** violated Plaintiff's constitutional rights by knowingly or recklessly making false statements and/or omitting material facts in sworn submissions used to justify Plaintiff's arrest and continued prosecution.

## COUNT III

**Municipal Liability (Monell Claim)**
*(Against Harris County, Texas)*
23. Harris County maintained policies, customs, or practices including failures to train, supervise, and discipline Precinct 4 officers—that were the moving force behind the constitutional violations suffered by Plaintiff.
24. Harris County acted with **deliberate indifference** to the known or obvious risk of constitutional violations, as demonstrated by prior similar incidents, including the 2014 termination of a Precinct 4 officer.

## V. DAMAGES AND RELIEF
25. Plaintiff seeks:

- Compensatory damages
- Punitive damages against individual defendants
- Declaratory relief
- Attorneys' fees and costs under **42 U.S.C. §1988**
- All other relief the Court deems just and proper

## VI. JURY DEMAND
26. Plaintiff demands a trial by jury on all issues so triable

Eric Gakunga
Plaintiff, Pro Se
8115 hardy elm st
Spring, tx 77379
2819486530
Fouice@gmail.com

Signature
Date: 12/30/2025